USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1795 UNITED STATES, Appellee, v. RONY E. ORELLANA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Rony E. Orellana on brief pro se. ________________ Sheldon Whitehouse, United States Attorney, and Stephanie S. ___________________ _____________ Browne, Assistant United States Attorney, on brief for appellee. ______ ____________________ NOVEMBER 14, 1996 ____________________ Per Curiam. Having read carefully the record in this __________ case, including the briefs of the parties, we affirm the denial of appellant Orellana's motion for return of seized property. Orellana's sole claim argued on appeal is that the administrative forfeiture of money seized from him at the time of his arrest violated due process because he did not receive adequate prior notice of the intended forfeiture. However, the record indicates that prior notice was sent by first class mail to the detention center in which Orellana was at the time incarcerated. Generally, notice sent by ordinary mail to an address at which the intended recipient resides is sufficient to meet the requirements of the due process clause. See Weigner v. City of New York, 852 F.2d ___ _______ ________________ 646 (2d Cir. 1988), cert. denied, 488 U.S. 1005 (1989). _____ ______ "[T]he proper inquiry is whether the [government] acted reasonably in selecting the means likely to inform persons affected, not whether each property owner actually received notice." Id. at 649; see also United States v. Giraldo, 45 __ ___ ____ _____________ _______ F.3d 509, 511 (1st Cir. 1995). Contrary to Orellana's suggestion, notice by certified mail is not required. Weigner, 852 F.2d at 650-51. Furthermore, Orellana made no _______ clear claim below that he did not receive actual notice of the intended forfeiture and no allegation at all that the government was aware that the notice had not been received. -2- In these circumstances, we see no error in the denial of Orellana's motion for return of his seized property. Affirmed. ________ -3-